UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
WILFREDO TORRES                                    Case No. 18 CV 6434 (RA)

                      Plaintiff

                -against-                                    **DECLARATION**

THE BLACKSTONE GROUP

                    Defendant,

-----------------------------------------------------------------x

      DEAN DREIBLATT, pursuant to 28 USC 1746, hereby declares the following to be true under penalty of perjury:

      1.     I am associated with ROSE & ROSE, attorneys for Defendant, THE BLACKSTONE GROUP("Defendant" or "Blackstone"), and as such I am fully familiar with the facts and circumstances hereinafter set forth.

      2.     This declaration is respectfully submitted in support of Defendant's motion to dismiss the Plaintiff's Complaint with prejudice pursuant to FRCP 12(b)(1), (6) and 12(h)(3). A copy of Plaintiff's Complaint, dated July 16, 2018 and served upon Defendant, is annexed hereto as Exhibit "A". On or about July 26, 2018, Defendant filed an "Amended Complaint". A copy of the "Amended Complaint" is annexed hereto as Exhibit "B"; in all matters pertinent to this motion, the Complaint and Amended Complaint are substantively identical.

      3.     Plaintiff's complaint alleges that he is a tenant residing at 470 Second Avenue, Apartment 2A, New York, New York 10016 (the "Premises"), and that Defendant is the owner and landlord of the building.

      4.     Plaintiff's complaint sets forth three factual allegations against Defendant;

    (a)    that Blackstone since allegedly purchasing the subject building in January 2016, "has ignored the multiple requests by the plaintiff to eliminate the illegal coal oven and chimney" (Exhibits A,B par. 36). According to the complaint, plaintiff complained to the prior landlord and the New York City Department of Buildings since 2008 about smoke released by an oven and a chimney from a commercial tenant in the building. The complaint sets forth subsequent DOB violations and New York City Fire Department violations;

    (b)    that Blackstone has "ignored the complaints of plaintiff about its employees stealing his mail" and that Blackstone has kept the building superintendent from the prior landlord in his same position, (Exhibits A, B, par. 37) and;

    (c)    that Blackstone has "damage[d] the credit rating of the plaintiff" by alleging improper rent arrears in the monthly rent bills. (Exhibits A, B.par. 38).

5. The complaint is grounded in plaintiff's allegation that Defendant purchased the building in December 2016, and that Defendant is the owner of the building and his landlord as of that time. (Exhibits A, B par. 4).

6. In fact, Blackstone is not the owner of the building and is not Plaintiff's landlord. Annexed hereto as Exhibit "C" is a certified deed from the New York City Register showing the record owner of the building. The Court should note that it is not Blackstone.

7. Further, Blackstone is not the registered managing agent and does not manage the building. Annexed hereto as Exhibit "D" is the current registration information from the New York City Department of Housing Preservation and Development "HPD" regarding this building. New York City building owners are required to annually file the MDR showing ownership and managing agent information with HPD pursuant to the Multiple Dwelling Law.

8. Therefore, this case should be dismissed, as Defendant is neither the owner nor the

managing agent of the building.

9. Even if Plaintiff names the correct owner, however, the complaint suffers from a more fundamental problem–this Court has no subject matter jurisdiction.

10. The complaint states that jurisdiction is based on "federal question" jurisdiction and that the federal questions are "due process of law; intimidation of a plaintiff in a federal case".

11. As set forth in the accompanying Memorandum of Law, this Court lacks subject matter jurisdiction as it is evident that the essence of the complaint as against Defendant does not involve the Constitution or any federal statute with a private right of action.

12. Annexed hereto as Exhibit "E" are copies of cases that are unpublished or reported exclusively on computerized databases, pursuant to Local Rule 7.2

WHEREFORE, it is respectfully requested that Defendant's motion be granted in its entirety, together with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       August 21, 2018

_____
DEAN DREIBLATT (DMD 2818)