USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 9/3/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILFREDO TORRES,

      Plaintiff,

v.

THE BLACKSTONE GROUP,

      Defendant.

No. 18-CV-6434 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

  Plaintiff Wilfredo Torres, proceeding *pro se*, alleges that Defendant The Blackstone Group ("Blackstone") has sought to illegally intimidate him from taking certain legal actions. Defendant now moves to dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. For the following reasons, Defendant's motion is granted.

## BACKGROUND

  The following facts are drawn from Plaintiff's amended complaint, and are assumed to be true for the purposes of this motion. *See Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 25 (2d Cir. 2017).

  Plaintiff is a resident of affordable housing in Manhattan, New York. *See* Am. Compl. ¶ 1. According to Torres, Defendant purchased Plaintiff's apartment complex in December of 2016 from the prior landlord, Bellevue South Associates ("BSA"). *Id.* ¶ 4.[1]

---

[1] In response, Defendant asserts that, "in fact, Blackstone is not the owner of the building and is not Plaintiff's landlord." Def. Decl. in Reply ¶ 6. Because determining whether Plaintiff owns the building and is Torres's landlord is not necessary to decide the instant motion, *infra.* at 5-6, the Court takes no position on this matter.

Plaintiff alleges that, "[i]n about 2004 a commercial coal-fired oven and chimney was installed" in a pizzeria located "about 50 feet from the windows of [P]laintiff's apartment." *Id.* ¶¶ 2, 5, 6. Torres asserts that, around 2008, this oven and chimney "began to release noxious gases and other pollutants that entered [his] apartment." *Id.* ¶ 7. Plaintiff contends that these pollutants interfered with his sleep and "exacerbated his asthma." *Id.* ¶ 8. According to Torres, although he actively complained to BSA and the New York City Department of Buildings (the "DOB") about these pollutants and how they "represented a serious health risk," these entities ignored him. *Id.* ¶¶ 10, 15.

Plaintiff alleges that, on September 28, 2015, he was alone in his apartment when members of the New York City Police Department (the "NYPD"), accompanied by a BSA employee, broke down his door, "entered the apartment without a warrant or other justification," and proceeded to interrogate him. *Id.* ¶¶ 16-18. Torres asserts that the police officers "continuously repeated that the plaintiff had been calling the Department of Buildings," *id.* ¶ 19, and that one of the officers informed him that they had been sent by the inspector general of the DOB, *see id.* ¶ 20. According to Torres, "[a]fter detaining and intimidating [him] for about one hour, the police officers left the apartment without issuing an arrest or summons." *Id.* ¶ 22. Torres contends that he did nothing to justify this "unlawful search and seizure," as he "was not threatening anyone, bothering anyone, physically attacking anyone, [or] causing any disturbance." *Id.* ¶ 23. Following this incident, Plaintiff states that he continued to demand that the DOB comply "with the law in relation to the coal oven and chimney," but his demands were ignored. *Id.* ¶ 25.

On April 2016, Plaintiff apparently received spinal surgery at New York University Hospital ("NYU") for Joint Diseases. *See id.* ¶ 26. According to the amended complaint, later

2

that day, while Torres was at home resting, "Fire Department personnel[,] along with BSA employee Elijah Smalls, and the NYPD broke down [his] apartment door and illegally entered." *Id.* ¶ 30. Plaintiff believes that "NYU had called 311 stating that Plaintiff had left the hospital." *Id.* ¶ 31. Although Torres apparently made clear to the persons who had entered his apartment that he did not need aid, "he was handcuffed and forcibly taken by ambulance to HHC Bellevue hospital as a John Doe." *Id.* ¶ 32. There, Plaintiff alleges that he "was assaulted by hospital personnel, three (3) times injected with drugs to put him to sleep, subjected to numerous involuntary medical procedures," and, after being "held for 24 hours ... released as a John Doe with a perfunctory and false diagnosis of delirium." *Id.* ¶ 33.

## PROCEDURAL BACKGROUND

On March 29, 2016, Plaintiff filed suit against BSA, the DOB, and the NYPD. *See* 16-cv-02362 (RA)(KNF). Plaintiff brought the instant suit against The Blackstone Group on July 16, 2018, *see* Dkt. 1, and filed an amended complaint on July 26, 2018, *see* Dkt. 7.

Plaintiff contends that, in violation of his due process rights and 18 U.S.C. § 1512 ("Tampering with a witness, victim, or an informant"), Am. Compl. at 2, Dkt. 28 (November 8, 2018 letter from Torres), Blackstone has attempted "to intimidate the plaintiff from pursuing case 16CV2362," Am. Compl. ¶ 35. According to Torres, Defendant has done this by: (1) "ignor[ing] [his] multiple requests ... to eliminate the illegal coal oven and chimney"; (2) "ignor[ing] the complaints of the plaintiff about [Blackstone's] employees stealing his mail, including voluminous legal briefs about case 16CV2362 which they have stolen using the name 'Gonzalez'"; (3) keeping "BSA former employee and defendant in [case 16CV2362] Elijah Smalls ... in his position as Superintendent of [the apartment complex] when Blackstone took over," and thus having him remain "in charge of all mail and package delivery operations;" (4)

3

"damag[ing] the credit rating of the plaintiff by falsely and maliciously fabricating a charge of 'arrears' in his monthly bills," and (5) overcharging Plaintiff "in [his] rent." *Id.* ¶¶ 36-38; Pl.'s Response, Dkt. 18 ¶ 18. By way of remedy, Plaintiff seeks compensatory damages in the amount of three million dollars. *See* Am. Compl. at 6.

Defendant now moves to dismiss Plaintiff's amended complaint, arguing that this Court lacks subject matter jurisdiction over Torres in this case and that Plaintiff has failed to state a plausible claim for relief. *See* Dkt. 21. Plaintiff responded, *see* Dkts. 18, 22, 28, and Defendants replied, *see* Dkt. 23.

## LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *see* Fed. R. Civ. P. 12(b)(1). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering a motion to dismiss under either rule, "the court must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). This is especially important with respect to *pro se* litigants, who "generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (internal quotation marks omitted).

"Notwithstanding the liberal pleading standards afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject

matter jurisdiction." *Azeez v. U.S. Postal Servs. (USPS)*, No. 10-CV-2001 (JS)(ETB), 2010 WL 2653350, at *2 (E.D.N.Y. June 22, 2010). Ultimately, "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113.

## DISCUSSION

Based on the amended complaint and his supporting papers, Plaintiff appears to bring three federal claims against Defendant: (1) for a violation of his due process rights, (2) for intimidating him in violation of 18 U.S.C. § 1512 ("Tampering with a witness, victim, or an informant"), and (3) for stealing his mail, presumably in violation of 18 U.S.C. § 1708 ("Theft or receipt of stolen mail matter generally").

In order to bring a due process claim pursuant to 42 U.S.C. § 1983,[2] a plaintiff must assert a legal claim against a state actor, or one who acts "under the color of state law." *Kia P. v. McIntyre*, 235 F.3d 749, 756 (2d Cir. 2000) (internal quotation marks omitted). Plaintiff does not allege that the Blackstone Group is a state actor. *See* Am. Compl. at 3 ("The defendant, The Blackstone Group, is incorporated under the laws of the State of New York"). Nor has Plaintiff claimed that, in allegedly violating his due process rights, Defendant acted under color of state law by acting in "concert with [any] state actor," or by acting as "a willful participant in joint activity with the State or its agents." *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (internal quotation marks omitted). Thus, this claim must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff's purported 18 U.S.C. § 1512 and 18 U.S.C. § 1708 claims are no more successful. As courts in this district have made clear, neither of these criminal statutes provide a

---

[2] Although the amended complaint does not specifically reference 42 U.S.C. § 1983, the Court assumes that this is the basis for Plaintiff's federal due process claim.

5

private right of action. *See Zahl v. Kosovsky*, No. 08 Civ. 8308 LTS THK, 2011 WL 779784, at *10 (S.D.N.Y. March 3, 2011) ("Plaintiff purports to assert claims for violations of ... 18 U.S.C. § 1708 ... and 1512. However, these criminal statutes do not provide for a private right of action."); *see also Gill v. Bd. of Nat'l Credit Union Admin. for Sikh Fed. Credit Union*, CV 93-1597, 2018 WL 5045755, at *17 (E.D.N.Y. Oct. 16, 2018) ("Plaintiff alleges in Cause of Action Twenty-one that the [the defendant] 'witness tampered' under 18 U.S.C. § 1512 ... However, no private right of action is granted under that criminal statute."); *Pierre v. United States Postal Service*, 18-CV-7474, 2019 WL 653154, at *3 (E.D.N.Y. Feb. 15, 2019) ("[T]here is no private right of action under the statutes for mail fraud, and theft and obstruction of the mails.") (citations omitted). Accordingly, Plaintiff has failed to show that the Court possesses "statutory or constitutional power to adjudicate" these claims, *Makarova v. United States*, 201 F.3d at 113, and they are therefore dismissed for lack of subject matter jurisdiction.

This leaves any state law claims that Plaintiff may have against Blackstone. Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over any state claims if it "has dismissed all claims over which it has original jurisdiction." "In determining whether to continue to retain jurisdiction, district courts consider factors such as judicial economy, convenience, fairness, and comity." *Anegada Master Fund, Ltd. v. PXRE Grp. Ltd.*, 680 F. Supp. 2d 616, 625 (S.D.N.Y. 2010). In this case, those factors weigh in favor of declining jurisdiction. The Court therefore dismisses any remaining state law claims without prejudice.[3]

---

[3] The Court also notes that, so much as these claims relate to landlord-tenant matters, the Court would lack subject matter jurisdiction over them. *See, e.g., Galland v. Margules*, No. 05-CV-5639 (DC), 2005 WL 1981568, at *1 (S.D.N.Y. Aug. 17, 2005) ("[F]ederal courts do not have federal question subject matter jurisdiction over state residential landlord-tenant matters.").

6

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's amended complaint is granted. Although *pro se* complainants are typically given leave to amend their complaint at least once when a liberal reading of the complaint provides the possibility that a valid claim might be stated, "[f]utility is a valid reason for denying a motion to amend ... where it is beyond doubt that the plaintiff can prove no set of facts in support of his amended claims." *Pangburn v. Culbertson*, 200 F.3d 65, 70–71 (2d Cir. 1999) (internal quotation marks and citation omitted). Here, the Court finds "that the complaint is completely devoid of any viable cause of action and any amendment would therefore be futile." *Garay v. U.S. Bancorp.*, 303 F. Supp. 2d 299, 304 (E.D.N.Y. 2004). Accordingly, Plaintiff's amended complaint is dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 9 and 14, and to close this case.

SO ORDERED.

Dated: September 3, 2019
New York, New York

Ronnie Abrams
United States District Judge